Steven J. Corr (State Bar No. 216243)
sjcorr@jonesday.com
Jonathan McNeal Smith (State Bar No. 292285)
jonathansmith@jonesday.com
Jones Day
555 South Flower Street
Fiftieth Floor
Los Angeles, CA 90071
Tel:  (213) 489-3939
Fax: (213) 243-2539

Blaney Harper (*pro hac vice* pending)
bharper@jonesday.com
Vishal V. Khatri (*pro hac vice* pending)
vkhatri@jonesday.com
JONES DAY
51 Louisiana Ave., N.W.
Washington, D.C. 20001
Tel: (202) 879-3939
Fax: (202) 626-1700

*Attorneys for Plaintiff NXP USA, Inc.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NXP USA, INC., | CASE NO: 21-cv-01810 |
| Plaintiff, | **COMPLAINT FOR PATENT INFRINGEMENT** |
| v. | **JURY TRIAL DEMANDED** |
| MEDIATEK, INC., MEDIATEK USA INC., AMAZON.COM, INC., BELKIN INTERNATIONAL, INC., and LINKSYS USA, INC. | |
| Defendants. | |

1.     Plaintiff NXP USA, Inc. ("NXP"), by and through its undersigned counsel, hereby files this Complaint against MediaTek, Inc.,  MediaTek USA Inc., (collectively, "MediaTek"), Amazon.com, Inc. ("Amazon"), Belkin International, Inc. (Belkin"), and Linksys USA, Inc. ("Linksys") (collectively, "Defendants"). For its complaint, NXP alleges as follows:

## NATURE OF THE ACTION

2.     This is a civil action for infringement of U.S. Patent Nos. 7,593,202 ("the '202 patent"), 8,482,136 ("the '136 patent"), 8,558,591 ("the '591 patent"), 9,729,214 ("the '214 patent"), and 10,904,058 ("the '058 patent") (collectively, the "Asserted Patents") arising under the patent laws of the United States, 35 U.S.C. §§ 1 et seq.

## THE PARTIES

3.     NXP USA, Inc. is a Delaware corporation with its principal place of business located at 6501 W. William Cannon Dr., Austin, TX 78735.

4.     The Defendants can be grouped into two categories – the "Component Supplier Defendants" and the "Downstream Product Defendants."

5.     On information and belief, MediaTek Inc. and MediaTek USA Inc. design, manufacture, import, offer for sale, and sell integrated circuits, chipsets, and electronic devices that infringe the Asserted Patents.  Collectively, the MediaTek Defendants are referred to as the "Component Supplier Defendants."

6.     On information and belief, Amazon, Belkin, and Linksys, design, manufacture, import, offer for sale, and sell downstream consumer products that incorporate the infringing integrated circuits, chipsets, and electronic devices and, therefore, likewise infringe the Asserted Patents.  Collectively, Amazon, Belkin, and Linksys are referred to as the "Downstream Product Defendants."

7.     On information and belief, MediaTek Inc. is a corporation incorporated under the laws of Taiwan (Republic of China) with its principal place of business located at No. 1, Dusing Road 1, Hsinchu Science Park, Hsinchu City

COMPLAINT FOR PATENT INFRINGEMENT

30078, Taiwan.

8.      On information and belief, MediaTek USA Inc. is a Delaware corporation with offices at 1 Ada Parkway, Suite 200, Irvine, CA 92618.  On information and belief, MediaTek USA Inc., is a wholly-owned subsidiary of MediaTek Inc.

9.      On information and belief, Amazon.com, Inc. is a Delaware corporation with offices at 40 Pacifica Suite 100, Irvine, CA 92618.

10.      On information and belief, Belkin International, Inc. is a Delaware corporation with offices at 12045 E. Waterfront Drive, Playa Vista, CA 90084.

11.      On information and belief, Linksys USA, Inc. is a Delaware corporation with offices at 121 Theory Drive, Irvine, CA 92617.

## JURISDICTION AND VENUE

12.      This Court has subject matter jurisdiction over this case under 28 U.S.C. §§ 1331 and 1338(a), because the claims arise under the patent laws of the United States, 35 U.S.C. §§ 1, et seq.

### MediaTek

13.      Venue in this District is proper under 28 U.S.C. § 1391 and 28 U.S.C. § 1400(b) with respect to MediaTek.  On information and belief, MediaTek, Inc. and MediaTek USA Inc. have committed acts of infringement in this District, directly, and/or through intermediaries, by, among other things, making, using, offering to sell, selling, and/or importing products and/or services that infringe the Asserted Patents, as alleged herein.  MediaTek Inc. is a foreign corporation and venue is proper as to a foreign defendant in any district.  MediaTek, USA Inc. has a regular and established place of business in this District.  MediaTek, USA Inc. maintains corporate offices in this district, including at 1 Ada Parkway, Suite 200, Irvine, CA 92618.

14.      This Court has personal jurisdiction over MediaTek, Inc. and MediaTek USA Inc.  On information and belief, both entities have conducted and

COMPLAINT FOR PATENT INFRINGEMENT

1   continue to conduct business in the State of California, including in this District.

2   Further, both entities, directly and through subsidiaries and intermediaries

3   (including distributors, retailers, franchisees and others), have committed and

4   continue to commit acts of patent infringement and/or contributed to or induced

5   acts of patent infringement by others in this District and elsewhere in California and

6   the United States.  As such, both entities have purposefully availed themselves of

7   the privilege of conducting business within this District; have established sufficient

8   minimum contacts with this District such that they should reasonably and fairly

9   anticipate being haled into court in this District; have purposefully directed

10  activities at residents of this State; and at least a portion of the patent infringement

11  claims alleged herein arise out of or are related to one or more of the foregoing

12  activities.

13                                      Amazon

14          15.    Venue in this District is proper under 28 U.S.C. § 1391 and 28 U.S.C.

15  § 1400(b) with respect to Amazon.  On information and belief, Amazon has

16  committed acts of infringement in this District, directly, and/or through

17  intermediaries, by, among other things, making, using, offering to sell, selling,

18  and/or importing products and/or services that infringe the Asserted Patents, as

19  alleged herein.  Amazon has a regular and established place of business in this

20  District.  Amazon maintains corporate offices in this district, including at 40

21  Pacifica Suite 100, Irvine, CA 92618.

22          16.    This Court has personal jurisdiction over Amazon.  On information

23  and belief, Amazon has conducted and continues to conduct business in the State of

24  California, including in this District.  Further, Amazon, directly and through

25  subsidiaries and intermediaries (including distributors, retailers, franchisees and

26  others), has committed and continues to commit acts of patent infringement and/or

27  contributed to or induced acts of patent infringement by others in this District and

28  elsewhere in California and the United States.  As such, Amazon has purposefully

COMPLAINT FOR PATENT INFRINGEMENT

availed itself of the privilege of conducting business within this District; have established sufficient minimum contacts with this District such that it should reasonably and fairly anticipate being haled into court in this District; has purposefully directed activities at residents of this State; and at least a portion of the patent infringement claims alleged herein arise out of or are related to one or more of the foregoing activities.

Belkin

17.     Venue in this District is proper under 28 U.S.C. § 1391 and 28 U.S.C. § 1400(b) with respect to Belkin.  On information and belief, Belkin has committed acts of infringement in this District, directly, and/or through intermediaries, by, among other things, making, using, offering to sell, selling, and/or importing products and/or services that infringe the Asserted Patents, as alleged herein. Belkin has a regular and established place of business in this District.  Belkin maintains corporate offices in this district, including at 12045 E. Waterfront Drive, Playa Vista, CA 90084.

18.     This Court has personal jurisdiction over Belkin.  On information and belief, Belkin has conducted and continues to conduct business in the State of California, including in this District.  Further, Belkin, directly and through subsidiaries and intermediaries (including distributors, retailers, franchisees and others), has committed and continues to commit acts of patent infringement and/or contributed to or induced acts of patent infringement by others in this District and elsewhere in California and the United States.  As such, Belkin has purposefully availed itself of the privilege of conducting business within this District; has established sufficient minimum contacts with this District such that it should reasonably and fairly anticipate being haled into court in this District; has purposefully directed activities at residents of this State; and at least a portion of the patent infringement claims alleged herein arise out of or are related to one or more of the foregoing activities.

COMPLAINT FOR PATENT INFRINGEMENT

Linksys

19.     Venue in this District is proper under 28 U.S.C. § 1391 and 28 U.S.C. § 1400(b) with respect to Linksys.  On information and belief, Linksys has committed acts of infringement in this District, directly, and/or through intermediaries, by, among other things, making, using, offering to sell, selling, and/or importing products and/or services that infringe the Asserted Patents, as alleged herein.  Linksys has a regular and established place of business in this District.  Linksys maintains corporate offices in this district, including at 121 Theory Drive, Irvine, CA 92617.

20.     This Court has personal jurisdiction over Linksys.  On information and belief, Linksys has conducted and continues to conduct business in the State of California, including in this District.  Further, Linksys, directly and through subsidiaries and intermediaries (including distributors, retailers, franchisees and others), has committed and continues to commit acts of patent infringement and/or contributed to or induced acts of patent infringement by others in this District and elsewhere in California and the United States.  As such, Linksys has purposefully availed itself of the privilege of conducting business within this District; has established sufficient minimum contacts with this District such that it should reasonably and fairly anticipate being haled into court in this District; has purposefully directed activities at residents of this State; and at least a portion of the patent infringement claims alleged herein arise out of or are related to one or more of the foregoing activities.

**THE NXP ASSERTED PATENTS**

21.     The '202 patent, entitled "Electrostatic Discharge (ESD) Protection Circuit for Multiple Power Domain Integrated Circuit," was duly and lawfully issued on September 22, 2009 by the U.S. Patent and Trademark Office.  A true and correct copy of the '202 patent is attached hereto as Exhibit 1.  The '202 patent names Michael G. Khazhinsky, Martin J. Bayer, James W. Miller, and Bryan D.

1  Preble as inventors.

2      22.    The '202 patent generally concerns an integrated circuit that includes a

3  first and second power domain.  A bank of input/output cells  are coupled to the

4  first and second power domains.  A first plurality of active clamps for the first

5  power domain and a second plurality of active clamps for the second domain

6  overlap along the bank of input output cells.  The active clamps may operate to

7  dissipate an electrostatic discharge event.

8      23.    The '136 patent, entitled "Fan-Out Chip Scale Package," was duly

9  lawfully issued on July 9, 2013 by the U.S. Patent and Trademark Office.  A true

10  and correct copy of the '136 patent is attached hereto as Exhibit 2.  The '136 patent

11  names Jan Gulpen, Tonny Kamphuis, Pieter Hochstenbach, Leo van Gemert, Eric

12  van Grunsven, and Marc de Samber as inventors.

13      24.    The '136 patent generally concerns a chip scale package that includes

14  a semiconductor die with a plurality of first bond pads.  The chip scale package also

15  includes a bond pad spacing interface structure with a plurality of second bond pads

16  and a plurality of electrical conductors connecting a corresponding one of the first

17  bond pads to a corresponding one of the second bond pads.  The first bond pads are

18  arranged with a first average density and the second bond pads are arranged with a

19  second average density that is lower than the first density.

20      25.    The '591 patent, entitled "Phase Locked Loop with Power Supply

21  Control," was duly and lawfully issued on October 15, 2013 by the U.S. Patent and

22  Trademark Office.  A true and correct copy of the '591 patent is attached hereto as

23  Exhibit 3.  The '591 patent names Hector Sanchez, Xinghai Tang, and Gayathri A.

24  Bhagavatheeswaran as inventors.

25      26.    The'591 patent generally concerns a phase locked loop comprising a

26  phase frequency detector powered by a first power supply, a charge pump powered

27  by a second power supply, and a voltage controlled oscillator coupled to the charge

28  pump and powered by a third power supply.  The frequency of the voltage

COMPLAINT FOR PATENT INFRINGEMENT

controlled oscillator is controlled by a control voltage and a current compensator provides a variable current draw based on the control voltage.

27.     The '214 patent, entitled "Group Acknowledgement for Multiple User Communication in a Wireless Local Area Network," was duly and lawfully issued on August 8, 2017 by the U.S. Patent and Trademark Office.  A true and correct copy of the '214 patent is attached hereto as Exhibit 4.  The '214 patent names Liwen Chu, Lei Wang, JinJing Jian, Hongyuan Zhang, and Hui-Ling Lou as inventors

28.     The '214 patent generally concerns a method for simultaneously communicating with multiple devices that includes receiving, at a first communication device, a plurality of uplink data units simultaneously transmitted by multiple second communication devices, generating an acknowledgement, and transmitting the acknowledgement to the multiple second communication devices.

29.     The '058 patent, entitled "Padding for Orthogonal Frequency Division Multiplexing (OFDM) Symbols in a Wireless Communication System," was duly and lawfully issued on January 26, 2021 by the U.S. Patent and Trademark Office. A true and correct copy of the '136 patent is attached hereto as Exhibit 5.  The '058 patent names Hongyuan Zhang, Xiayu Zheng, Rui Cao, Mingguang Xu, Sudhir Srinivasa, and Jie Huang as inventors

30.     The '058 patent generally concerns a method for generating a physical layer (PHY) data unit that includes generating the PHY data unit to include a PHY preamble, a PHY data portion that follows the PHY preamble, and an extension field that follows the PHY data portion.  The method includes generating a plurality of orthogonal frequency division multiplexing (OFDM) symbols corresponding to the PHY data portion of the PHY data unit.  A last occurring OFDM symbol in the plurality of OFDM symbols includes padding bits starting from a boundary within the last occurring OFDM symbol.  The method further includes determining a duration of the extension field using a position of the boundary within the last

COMPLAINT FOR PATENT INFRINGEMENT

occurring OFDM symbol, and generating the extension field to have the determined duration.

31.     NXP is the owner of all right, title, and interest in and to each of the Asserted Patents with full and exclusive right to bring suit to enforce the Asserted Patents, including the right to recover for past damages and/or royalties up until the expiration of the each Asserted Patent.

32.     The Asserted patents are valid and enforceable.

### DEFENDANTS' INFRINGEMENT

33.     MediaTek manufactures, uses, imports, offers for sale, and/or sells semiconductor devices specifically including, but not limited to, the MT8516, MT8695, and MT5833 (the "Accused '202 Products"); the MT 6358 (the "Accused '136 Products"); the MT8516 (the "Accused '591 Products"); and the MT7915 (the "Accused '214 Products"); and the MT7915 and MT7921(the "Accused '058 Products").

34.     Amazon uses, imports, offers for sale, and/or sells at least one of the Accused '202 Products, the Accused '136 Products, the Accused '591 Products, and Accused '058 Products at least by selling and offering to sell the Accused '202 Products, the Accused '136 Products, the Accused '591 Products, and Accused '058 Products as part of their own products in the United States, including, but not limited to the Echo Dot D9N29T, Fire Stick 4k E9L29Y, Fire Stick 4k Max K2R2TE, and Echo Show A8H3N2.

35.     Belkin uses, imports, offers for sale, and/or sells at least one of the Accused '214 Products and Accused '058 Products at least by selling and offering to sell the Accused '214 Products and Accused '058 Products as part of their own products in the United States, including, but not limited to the RT1800 and RT3200.

36.     Linksys uses, imports, offers for sale, and/or sells at least one of the Accused '214 Products and Accused '058 Products at least by selling and offering

COMPLAINT FOR PATENT INFRINGEMENT

to sell the Accused '214 Products and Accused '058 Products as part of their own products in the United States, including, but not limited to the E8450.

## COUNT I

## Infringement of the '202 Patent

37. NXP re-alleges and incorporates by reference the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

38. In violation of 35 U.S.C. § 271(a), Defendants MediaTek and Amazon have infringed the '202 patent by making, using, selling, offering for sale, and/or importing into the United States, without authority, the Accused '202 Products which practice each and every limitation of at least claims 1 and 2 of the '202 patent. Defendants MediaTek and Amazon have infringed literally and/or under the doctrine of equivalents. *See* Exhibits 6 and 7. The exhibits are based on publicly available information, are preliminary examples, and are non-limiting.

39. Defendants MediaTek and Amazon have had knowledge of the '202 patent and its infringement of the '202 patent at least since the service of this complaint.

40. Defendants MediaTek and Amazon are not licensed or otherwise authorized to practice the claims of the '202 patent.

41. By reason of Defendants MediaTek's and Amazon's infringement, NXP has suffered substantial damages.

42. NXP is entitled to recover the damages sustained as a result of Defendants MediaTek's and Amazon's wrongful acts in an amount subject to proof at trial.

43. NXP has complied with the requirements of 35 U.S.C. § 287(a) at least because NXP provided actual notice of its infringement allegation to Defendants MediaTek and Amazon through the filing of this Complaint.

44. On information and belief, Defendants MediaTek and Amazon indirectly infringe the '202 patent pursuant to 35 U.S.C. § 271(b) and/or (c) by

COMPLAINT FOR PATENT INFRINGEMENT

1    knowingly and intentionally inducing infringement and/or contributing to the
2    infringement of the '202 patent by, among other things, selling in the United States
3    the Accused '202 Products to direct infringers, that include, without limitation,
4    customers and/or end users of those products.  Those customers and/or end users of
5    the Accused '202 Products directly infringe one or more claims of one or more of
6    the '202 patent.

7        45.    On information and belief, Defendants MediaTek and Amazon are
8    aware of the '202 patent at least as of the date they were served with this
9    Complaint.

10       46.    On information and belief, MediaTek induces other users of the
11   Accused '202 Products, including, for example, the Downstream Product
12   Defendant Amazon, to infringe one or more claims of the '202 patent with the
13   specific intent to encourage their infringement by, among other things, marketing
14   its integrated circuits, chipsets, and electronic devices and by creating datasheets
15   and/or similar materials with instructions on using or rendering operable the
16   Downstream Products Defendant Amazon's products that incorporate the integrated
17   circuits, chipsets, and electronic devices.  *See* Exhibit 19.

18       47.    On information and belief, Amazon induces other users of the Accused
19   '202 Products, including, for example, end-users of its products to infringe one or
20   more claims of the '202 patent with the specific intent to encourage their
21   infringement by, among other things, marketing its downstream products that
22   include the MediaTek integrated circuits, chipsets, and electronic devices and by
23   creating specifications, marketing materials, and/or similar materials with
24   instructions on using or rendering operable the downstream products that
25   incorporate the infringing integrated circuits, chipsets, and electronic devices.  *See*
26   Exhibits 20 and 21.

27       48.    On information and belief, MediaTek contributes to the infringement
28   of one or more claims of the '202 patent by, among others, the Downstream

COMPLAINT FOR PATENT INFRINGEMENT

Product Defendant Amazon, because it knows that the Accused '202 Products, including, specifically, its infringing integrated circuits, chipsets, and electronic devices, embody a material part of the claimed inventions of the '202 patent, that they are specially made or specially adapted for use in an infringement of the claims, and that they are not staple articles of commerce suitable for substantial non-infringing use. *See* Exhibit 19.

49.    On information and belief, Amazon contributes to the infringement of one or more claims of the '202 patent by, among others, end-users, because it knows that the Accused '202 Products, including, specifically, its downstream products that incorporate the infringing integrated circuits, chipsets, and electronic devices, embody a material part of the claimed inventions of the '202 patent, that they are specially made or specially adapted for use in an infringement of the claims, and that they are not staple articles of commerce suitable for substantial non-infringing use. *See* Exhibits 20 and 21.

50.    Defendants MediaTek's and Amazon's infringement of the '202 patent is exceptional and entitles NXP to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## **COUNT II**
### **Infringement of the '136 Patent**

51.    NXP re-alleges and incorporates by reference the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

52.    In violation of 35 U.S.C. § 271(a), Defendants MediaTek and Amazon have infringed the '136 patent by making, using, selling, offering for sale, and/or importing into the United States, without authority, the Accused '136 Products which practice each and every limitation of at least claims 1-6, 11, 18, 19, 21, and 22 of the '136 patent.  Defendants MediaTek and Amazon have infringed literally and/or under the doctrine of equivalents. *See* Exhibits 8 and 9.  The exhibits are

COMPLAINT FOR PATENT INFRINGEMENT

1   based on publicly available information, are preliminary examples, and are non-
2   limiting.

3        53.   Defendants MediaTek and Amazon have had knowledge of the '136
4   patent and its infringement of the '136 patent at least since the service of this
5   complaint.

6        54.   Defendants MediaTek and Amazon are not licensed or otherwise
7   authorized to practice the claims of the '136 patent.

8        55.   By reason of Defendants MediaTek's and Amazon's infringement,
9   NXP has suffered substantial damages.

10        56.   NXP is entitled to recover the damages sustained as a result of
11   Defendants MediaTek's and Amazon's wrongful acts in an amount subject to proof
12   at trial.

13        57.   NXP has complied with the requirements of 35 U.S.C. § 287(a) at least
14   because NXP provided actual notice of its infringement allegation to Defendants
15   MediaTek and Amazon through the filing of this complaint.

16        58.   On information and belief, Defendants MediaTek and Amazon
17   indirectly infringe the '136 patent pursuant to 35 U.S.C. § 271(b) and/or (c) by
18   knowingly and intentionally inducing infringement and/or contributing to the
19   infringement of the '136 patent by, among other things, selling in the United States
20   the Accused '136 Products to direct infringers, that include, without limitation,
21   customers and/or end users of those products.  Those customers and/or end users of
22   the Accused '136 Products directly infringe one or more claims of one or more of
23   the '136 patent.

24        59.   On information and belief, Defendants MediaTek and Amazon are
25   aware of the '136 patent at least as of the date they were served with this
26   Complaint.

27        60.   On information and belief, MediaTek induces other users of the
28   Accused '136 Products, including, for example, the Downstream Products

    COMPLAINT FOR PATENT INFRINGEMENT

Defendant Amazon, to infringe one or more claims of the '136 patent with the specific intent to encourage their infringement by, among other things, marketing its integrated circuits, chipsets, and electronic devices and by creating datasheets and/or similar materials with instructions on using or rendering operable the Downstream Products Defendant Amazon's products that incorporate the integrated circuits, chipsets, and electronic devices. *See* Exhibit 19.

61. On information and belief, Amazon induces other users of the Accused '136 Products, including, for example, end-users of its products to infringe one or more claims of the '136 patent with the specific intent to encourage their infringement by, among other things, marketing its downstream products that include the MediaTek integrated circuits, chipsets, and electronic devices and by creating specifications, marketing materials, and/or similar materials with instructions on using or rendering operable the downstream products that incorporate the infringing integrated circuits, chipsets, and electronic devices. *See* Exhibits 20 and 21.

62. On information and belief, MediaTek contributes to the infringement of one or more claims of the '136 patent by, among others, the Downstream Product Defendant Amazon, because it knows that the Accused '136 Products, including, specifically, its infringing integrated circuits, chipsets, and electronic devices, embody a material part of the claimed inventions of the '136 patent, that they are specially made or specially adapted for use in an infringement of the claims, and that they are not staple articles of commerce suitable for substantial non-infringing use. *See* Exhibit 19.

63. On information and belief, Amazon contributes to the infringement of one or more claims of the '136 patent by, among others, end-users, because it knows that the Accused '136 Products, including, specifically, its downstream products that incorporate the infringing integrated circuits, chipsets, and electronic devices, embody a material part of the claimed inventions of the '136 patent, that

COMPLAINT FOR PATENT INFRINGEMENT

they are specially made or specially adapted for use in an infringement of the claims, and that they are not staple articles of commerce suitable for substantial non-infringing use.  *See* Exhibits 20 and 21.

64.    Defendants MediaTek's and Amazon's infringement of the '136 patent is exceptional and entitles NXP to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT III

### Infringement of the '591 Patent

65.    NXP re-alleges and incorporates by reference the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

66.    In violation of 35 U.S.C. § 271(a), Defendants MediaTek and Amazon have infringed the '591 patent by making, using, selling, offering for sale, and/or importing into the United States, without authority, the Accused '591 Products which practice each and every limitation of at least claims 1, 3, 10, and 11 of the '591 patent.  Defendants MediaTek and Amazon have infringed literally and/or under the doctrine of equivalents.  *See* Exhibits 10 and 11.  The exhibits are based on publicly available information, are preliminary examples, and are non-limiting.

67.    Defendants MediaTek and Amazon have had knowledge of the '591 patent and its infringement of the '591 patent at least since the service of this complaint.

68.    Defendants MediaTek and Amazon are not licensed or otherwise authorized to practice the claims of the '591 patent.

69.    By reason of Defendants MediaTek's and Amazon's infringement, NXP has suffered substantial damages.

70.    NXP is entitled to recover the damages sustained as a result of Defendants MediaTek's and Amazon's wrongful acts in an amount subject to proof at trial.

COMPLAINT FOR PATENT INFRINGEMENT

71.     NXP has complied with the requirements of 35 U.S.C. § 287(a) at least because NXP provided actual notice of its infringement allegation to Defendants MediaTek and Amazon through the filing of this complaint.

72.     On information and belief, Defendants MediaTek and Amazon indirectly infringe the '591 patent pursuant to 35 U.S.C. § 271(b) and/or (c) by knowingly and intentionally inducing infringement and/or contributing to the infringement of the '591 patent by, among other things, selling in the United States the Accused '591 Products to direct infringers, that include, without limitation, customers and/or end users of those products.  Those customers and/or end users of the Accused '591 Products directly infringe one or more claims of one or more of the '591 patent.

73.     On information and belief, Defendants MediaTek and Amazon are aware of the '591 patent at least as of the date they were served with this Complaint.

74.     On information and belief, MediaTek induces other users of the Accused '591 Products, including, for example, the Downstream Product Defendant Amazon, to infringe one or more claims of the '591 patent with the specific intent to encourage their infringement by, among other things, marketing its integrated circuits, chipsets, and electronic devices and by creating datasheets and/or similar materials with instructions on using or rendering operable the Downstream Products Defendant Amazon's products that incorporate the integrated circuits, chipsets, and electronic devices.  *See* Exhibit 19.

75.     On information and belief, Amazon induces other users of the Accused '591 Products, including, for example, end-users of its products to infringe one or more claims of the '591 patent with the specific intent to encourage their infringement by, among other things, marketing its downstream products that include the MediaTek integrated circuits, chipsets, and electronic devices and by creating specifications, marketing materials, and/or similar materials with

COMPLAINT FOR PATENT INFRINGEMENT

instructions on using or rendering operable the downstream products that incorporate the infringing integrated circuits, chipsets, and electronic devices. *See* Exhibits 20 and 21.

76. On information and belief, MediaTek contributes to the infringement of one or more claims of the '591 patent by, among others, the Downstream Product Defendant Amazon, because it knows that the Accused '591 Products, including, specifically, its infringing integrated circuits, chipsets, and electronic devices, embody a material part of the claimed inventions of the '591 patent, that they are specially made or specially adapted for use in an infringement of the claims, and that they are not staple articles of commerce suitable for substantial non-infringing use. *See* Exhibit 19.

77. On information and belief, Amazon contributes to the infringement of one or more claims of the '591 patent by, among others, end-users, because it knows that the Accused '591 Products, including, specifically, its downstream products that incorporate the infringing integrated circuits, chipsets, and electronic devices, embody a material part of the claimed inventions of the '591 patent, that they are specially made or specially adapted for use in an infringement of the claims, and that they are not staple articles of commerce suitable for substantial non-infringing use. *See* Exhibits 20 and 21.

78. Defendants MediaTek's and Amazon's infringement of the '591 patent is exceptional and entitles NXP to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT IV

## Infringement of the '214 Patent

79. NXP re-alleges and incorporates by reference the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

80. In violation of 35 U.S.C. § 271(a), Defendants MediaTek, Belkin, and Linksys have infringed the '214 patent by making, using, selling, offering for sale,

COMPLAINT FOR PATENT INFRINGEMENT

and/or importing into the United States, without authority, the Accused '214 Products which practice each and every limitation of at least claims 1 and 10 of the '214 patent.  Defendants MediaTek, Belkin, and Linksys have infringed literally and/or under the doctrine of equivalents.  *See* Exhibits 12-14.  The exhibits are based on publicly available information, are preliminary examples, and are non-limiting.

81.    Defendants MediaTek, Belkin, and Linksys have had knowledge of the '214 patent and its infringement of the '214 patent at least since the service of this complaint.

82.    Defendants MediaTek, Belkin, and Linksys are not licensed or otherwise authorized to practice the claims of the '214 patent.

83.    By reason of Defendants MediaTek's, Belkin's, and Linksys' infringement, NXP has suffered substantial damages.

84.    NXP is entitled to recover the damages sustained as a result of Defendants MediaTek's, Belkin's, and Linksys' wrongful acts in an amount subject to proof at trial.

85.    NXP has complied with the requirements of 35 U.S.C. § 287(a) at least because NXP provided actual notice of its infringement allegation to Defendants MediaTek, Belkin, and Linksys through the filing of this Complaint.

86.    On information and belief, Defendants MediaTek, Belkin, and Linksys indirectly infringe the '214 patent pursuant to 35 U.S.C. § 271(b) and/or (c) by knowingly and intentionally inducing infringement and/or contributing to the infringement of the '214 patent by, among other things, selling in the United States the Accused '214 Products to direct infringers, that include, without limitation, customers and/or end users of those products.  Those customers and/or end users of the Accused '214 Products directly infringe one or more claims of one or more of the '214 patent.

COMPLAINT FOR PATENT INFRINGEMENT

87.    On information and belief, Defendants MediaTek, Belkin, and Linksys are aware of the '214 patent at least as of the date they were served with this Complaint.

88.    On information and belief, MediaTek induces other users of the Accused '214 Products, including, for example, the Downstream Product Defendants Belkin and Linksys, to infringe one or more claims of the '214 patent with the specific intent to encourage their infringement by, among other things, marketing its integrated circuits, chipsets, and electronic devices and by creating datasheets and/or similar materials with instructions on using or rendering operable the Downstream Products Defendants Belkin's and Linksys' products that incorporate the integrated circuits, chipsets, and electronic devices.  *See* Exhibit 19.

89.    On information and belief, Belkin and Linksys induce other users of the Accused '214 Products, including, for example, end-users of their products to infringe one or more claims of the '214 patent with the specific intent to encourage their infringement by, among other things, marketing their downstream products that include the MediaTek integrated circuits, chipsets, and electronic devices and by creating specifications, marketing materials, and/or similar materials with instructions on using or rendering operable the downstream products that incorporate the infringing integrated circuits, chipsets, and electronic devices.  *See* Exhibits 20 and 21.

90.    On information and belief, MediaTek contributes to the infringement of one or more claims of the '214 patent by, among others, the Downstream Product Defendants Belkin and Linksys, because it knows that the Accused '214 Products, including, specifically, its infringing integrated circuits, chipsets, and electronic devices, embody a material part of the claimed inventions of the '214 patent, that they are specially made or specially adapted for use in an infringement of the claims, and that they are not staple articles of commerce suitable for substantial non-infringing use.  *See* Exhibit 19.

91.     On information and belief, Belkin and Linksys contribute to the infringement of one or more claims of the '214 patent by, among others, end-users, because they know that the Accused '214 Products, including, specifically, their downstream products that incorporate the infringing integrated circuits, chipsets, and electronic devices, embody a material part of the claimed inventions of the '214 patent, that they are specially made or specially adapted for use in an infringement of the claims, and that they are not staple articles of commerce suitable for substantial non-infringing use.  *See* Exhibits 20 and 21.

92.     Defendants MediaTek's, Belkin's, and Linksys' infringement of the '214 patent is exceptional and entitles NXP to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT V

## Infringement of the '058 Patent

93.     NXP re-alleges and incorporates by reference the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

94.     In violation of 35 U.S.C. § 271(a), Defendants MediaTek, Amazon, Belkin, and Linksys have infringed the '058 patent by making, using, selling, offering for sale, and/or importing into the United States, without authority, the Accused '058 Products which practice each and every limitation of at least claims 1-3, 5, 7, 9-12, 14, 16, 18, and 19 of the '058 patent.  Defendants MediaTek, Amazon, Belkin, and Linksys have infringed literally and/or under the doctrine of equivalents. *See* Exhibits 15-18.  The exhibits are based on publicly available information, are preliminary examples, and are non-limiting.

95.     Defendants MediaTek, Amazon, Belkin, and Linksys have had knowledge of the '058 patent and its infringement of the '058 patent at least since the service of this Complaint.

96.     Defendants MediaTek, Amazon, Belkin, and Linksys are not licensed or otherwise authorized to practice the claims of the '058 patent.

COMPLAINT FOR PATENT INFRINGEMENT

97.     By reason of Defendants MediaTek's, Amazon's, Belkin's, and Linksys' infringement, NXP has suffered substantial damages.

98.     NXP is entitled to recover the damages sustained as a result of Defendants MediaTek's, Amazon's, Belkin's, and Linksys' wrongful acts in an amount subject to proof at trial.

99.     NXP has complied with the requirements of 35 U.S.C. § 287(a) at least because NXP provided actual notice of its infringement allegation to Defendants MediaTek, Amazon, Belkin, and Linksys through the filing of this Complaint.

100.    On information and belief, Defendants MediaTek, Amazon, Belkin, and Linksys indirectly infringe the '058 patent pursuant to 35 U.S.C. § 271(b) and/or (c) by knowingly and intentionally inducing infringement and/or contributing to the infringement of the '058 patent by, among other things, selling in the United States the Accused '058 Products to direct infringers, that include, without limitation, customers and/or end users of those products.  Those customers and/or end users of the Accused '058 Products directly infringe one or more claims of one or more of the '058 patent.

101.    On information and belief, Defendants MediaTek, Amazon, Belkin, and Linksys are aware of the '058 patent at least as of the date they were served with this Complaint.

102.    On information and belief, MediaTek induces other users of the Accused '058 Products, including, for example, the Downstream Product Defendants Amazon, Belkin, and Linksys, to infringe one or more claims of the '058 patent with the specific intent to encourage their infringement by, among other things, marketing its integrated circuits, chipsets, and electronic devices and by creating datasheets and/or similar materials with instructions on using or rendering operable the Downstream Products Defendants Amazon's, Belkin's, and Linksys' products that incorporate the integrated circuits, chipsets, and electronic devices. *See* Exhibit 19.

COMPLAINT FOR PATENT INFRINGEMENT

103.   On information and belief, Amazon, Belkin, and Linksys induce other users of the Accused '058 Products, including, for example, end-users of their products to infringe one or more claims of the '058 patent with the specific intent to encourage their infringement by, among other things, marketing their downstream products that include the MediaTek integrated circuits, chipsets, and electronic devices and by creating specifications, marketing materials, and/or similar materials with instructions on using or rendering operable the downstream products that incorporate the infringing integrated circuits, chipsets, and electronic devices. *See* Exhibits 20 and 21.

104.   On information and belief, MediaTek contributes to the infringement of one or more claims of the '058 patent by, among others, the Downstream Product Defendants Amazon, Belkin, and Linksys, because it knows that the Accused '058 Products, including, specifically, its infringing integrated circuits, chipsets, and electronic devices, embody a material part of the claimed inventions of the '058 patent, that they are specially made or specially adapted for use in an infringement of the claims, and that they are not staple articles of commerce suitable for substantial non-infringing use. *See* Exhibit 19.

105.   On information and belief, Amazon, Belkin, and Linksys contribute to the infringement of one or more claims of the '058 patent by, among others, end-users, because they know that the Accused '058 Products, including, specifically, their downstream products that incorporate the infringing integrated circuits, chipsets, and electronic devices, embody a material part of the claimed inventions of the '058 patent, that they are specially made or specially adapted for use in an infringement of the claims, and that they are not staple articles of commerce suitable for substantial non-infringing use. *See* Exhibits 20 and 21.

106.   Defendants MediaTek's, Amazon's, Belkin's, and Linksys' infringement of the '058 patent is exceptional and entitles NXP to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

COMPLAINT FOR PATENT INFRINGEMENT

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, NXP hereby demands a trial by jury as to all issues so triable.

## **PRAYER FOR RELIEF**

WHEREFORE, NXP respectfully prays for the following relief:

(a)     A judgment that the corresponding Defendants have infringed each and every one of the Asserted Patents;

(b)     Damages adequate to compensate NXP for the corresponding Defendants' infringement of the Asserted Patents pursuant to 35 U.S.C. § 284;

(d) Pre-judgment interest;

(e) Post-judgment interest;

(f) A declaration that this action is exceptional pursuant to 35 U.S.C. § 285, and an award to NXP of its attorneys' fees, costs, and expenses incurred in connection with this action; and

(g) Such other relief as the Court deems just and equitable.

COMPLAINT FOR PATENT INFRINGEMENT

Dated:  November 1, 2021                    Respectfully submitted,

                                            /s/ Steven J. Corr
                                           Steven J. Corr
                                           sjcorr@jonesday.com
                                           Jonathan McNeal Smith
                                           jonathansmith@jonesday.com
                                           JONES DAY
                                           555 South Flower Street
                                           Fiftieth Floor
                                           Los Angeles, CA 90071
                                           Tel:  (213) 489-3939
                                           Fax: (213) 243-2539

                                           Blaney Harper
                                           bharper@jonesday.com
                                           Vishal V. Khatri
                                           vkhatri@jonesday.com
                                           JONES DAY
                                           51 Louisiana Ave., N.W.
                                           Washington, D.C. 20001
                                           Tel: (202) 879-3939
                                           Fax: (202) 626-1700

                                           *Counsel for Plaintiff*
                                           *NXP USA, Inc.*

COMPLAINT FOR PATENT INFRINGEMENT

1

## DEMAND FOR JURY TRIAL

2

3          Pursuant to Rule 38 of the Federal Rules of Civil Procedure and Local Rule

4    38-1 of this Court, Plaintiff NXP USA, Inc. hereby demands a trial by jury as to all

5    issues so triable.

6

7    Dated:  November 1, 2021                    Respectfully submitted,

8                                                 _/s/ Steven J. Corr_____

9                                                Steven J. Corr
                                                 sjcorr@jonesday.com
10                                               Jonathan McNeal Smith
                                                 jonathansmith@jonesday.com
11                                               JONES DAY
12                                               555 South Flower Street
                                                 Fiftieth Floor
13                                               Los Angeles, CA 90071
                                                 Tel:  (213) 489-3939
14                                               Fax: (213) 243-2539
15

16                                               Blaney Harper
                                                 bharper@jonesday.com
17                                               Vishal V. Khatri
                                                 vkhatri@jonesday.com
18                                               JONES DAY
19                                               51 Louisiana Ave., N.W.
                                                 Washington, D.C. 20001
20                                               Tel: (202) 879-3939
                                                 Fax: (202) 626-1700
21

22

23                                               *Counsel for Plaintiff*
                                                 *NXP USA, Inc.*
24

25

26

27

28